Sherwin v. The National Cash Register Company.

1. CONTRACTS—OFFER AND ACCEPTANCE.
A written order for an article, stating the price and terms of payment, and also that the order shall not be countermanded, but be subject to the approval of the party to whom it is addressed, is simply an offer which requires acceptance to constitute a contract.

2. SAME.
A proposal, while it remains unaccepted, is of no binding force. It may be withdrawn at any time before acceptance, but to render the withdrawal effectual it must be brought to the knowledge of the other party before the offer is accepted.

3. PRESUMPTIONS—COURSE OF MAIL.
When it is proved that a letter properly directed and postpaid was deposited in the post office, it is presumed to have reached its destination at the regular time and to have been received by the person to whom it was addressed.

*Appeal from the District Court of Arapahoe County.*

Mr. A. D. BULLIS, for appellant.

Messrs. C. E. & F. HERRINGTON, for appellee.

THOMSON, J., delivered the opinion of the court.

This is a suit by the appellee against the appellant to recover the value of a cash register alleged to have been sold and delivered by the plaintiff to the defendant at his instance

and request.  The following agreed statement was filed in the cause :

"The National Cash Register Company, plaintiff, v. John J. Sherwin, defendant.

"AGREED STATEMENT OF FACTS.

"It is hereby stipulated and agreed by and between the parties hereto, that the following are the facts in said action, and no proof of the same shall be required, but the same shall be taken as admitted and proved, viz. :

"1. That the plaintiff is a corporation regularly organized and existing under and by virtue of the laws of the state of Ohio and duly authorized to do business within the state of Colorado, by virtue of a compliance with the statutes of said state.

"2. That Dayton, Ohio, is the principal place of business of said plaintiff and its post office address, and its business is manufacturing and selling cash registers.

"3. That on the 8th day of January, 1890, one Walter McD. Cool visited the store of defendant in Idaho Springs, Colo., and defendant signed, and gave him an order for a cash register, which said order is in the words and figures following, to wit:

"'IDAHO SPRINGS, COLORADO, Jan. 8, 1890.
"'To THE NATIONAL CASH REGISTER CO., Dayton, Ohio.

"'Please ship to us at our place of business, Idaho Springs, Colo., as soon as possible, one of your No. 2 registers, as per your illustrated catalogue.  Said register to be equipped with all the latest improvements.  Cabinet to be of wood. Denominations of keys to be $10.00 to 5c.  Charge key in place of 95c. key.  On the fulfilment of the above we agree to pay to you one hundred and seventy-five dollars ($175.00), viz. : $25.00 cash and $25.00 monthly in shape of acceptances. The register is set on the front counter.  Druggist business. On five days after the shipment, you to make drafts of full amount, payable, viz. : $25.00 payable at sight and $25.00 payable monthly.

" 'In default of any payment you or your agent may take possession and remove said cash register without legal process, and all claims for damages arising from such removal are hereby waived. It is expressly agreed that this order shall not be countermanded, and is given subject to your approval.                    " 'Yours truly,

" ' (Signed)      JOHN J. SHERWIN.'

" 4. That on the 9th day of January, 1890, the said defendant wrote and signed a letter countermanding or withdrawing his said order, and said letter was on said day sealed in an envelope having a return card printed on the outside thereof, and directed to The National Cash Register Co., Dayton, Ohio, and the postage thereon duly prepaid, and then deposited in the post office at Idaho Springs, Colorado, in time for the 3:30 P. M. mail of said day; that said letter has never been returned to defendant, either from Dayton, Ohio, or the dead letter office, or elsewhere, and that Dayton is a city in which there is established a regular delivery of letters.

" 5. That said order was given to said Cool & High late in the afternoon of said 8th day of January, 1890, and after the departure of eastern mail on said day. That said Cool & High sent said order to plaintiff by mail. And on the 14th day of January, 1890, plaintiff wrote a letter to defendant, and the same was received by defendant, of which the following is a true copy, viz. :

" 'DAYTON, OHIO, Jan. 14, 1890.
" JOHN J. SHERWIN, ESQ., Idaho Springs, Colo.

" 'Dear Sir: Through our agents, Cool & High, we are in receipt of your valued order of January 8th, for one No. 2 Nickle Dorenlot Register, to which we shall give our prompt and most careful attention.

" ' Thanking you for the order, and promising you a handsome register, we are,

" ' Respectfully
" ' THE NATIONAL CASH REGISTER CO.,
" ' JOHN H. PATTERSON, President.'

" 6. That on the 16th day of January, 1890, the plaintiff shipped by freight to defendant a cash register of the kind, make and description mentioned in the writing referred to in paragraph three thereof, and the same arrived at Idaho Springs, Colo., on or before two weeks from the date of the shipment, and defendant refused to take or receive the same from the railroad company.

" 7. That on the 27th day of January, 1890, and after the arrival of the said register, the plaintiff made seven drafts of $25.00 each, payable in all respects in accordance with the terms of said writing mentioned in paragraph three thereof, through the First National Bank of Idaho Springs, Colo., and each and all of them were duly presented to defendant by said bank, and payment or acceptance was refused by defendant.

" 8. That defendant has not paid or accepted any of said drafts, or any part of said $175.

" 9. That the usual time for mail or letters to go from Idaho Springs to Dayton is three and one half days.

" Either party at the trial of this action may produce any further evidence he desires not contradictory hereof.

" Dated Oct. 31, 1890.

"  The National Cash Register Co.,

"  By C. E. & F. Herrington, its Attorneys.

"  John J. Sherwin,  .

"  By A. D. Bullis, his Attorney."

No further evidence was offered on either side, and the court rendered judgment against the defendant, upon the agreed statement, for $175.  The defendant appealed.

The order given for the register was simply an offer or proposal which required the acceptance of the plaintiff to constitute a contract.  Until such acceptance there was no meeting of minds, or mutuality, in respect to the terms proposed, or the subject-matter of the order, and without this there could be no contract.  A proposal, while it remains unaccepted, is of no binding force, and is completely under the control of

the person who makes it. · At any time before acceptance he may withdraw it, and when so withdrawn it is a nullity; but to render the withdrawal effective, it must be brought to the knowledge of the other party before acceptance. See Pomeroy on Contracts, sec. 58 *et seq.*; also, Bishop on Contracts, sec. 321 *et seq.*

We agree with counsel that the notice of the withdrawal of an offer must be actual, and must be received before the offer is accepted; but we think the admissions concerning the posting of the defendant's letter are at least *prima facie* evidence of actual notice. The letter was deposited in the post office on January 9th, in time for the outgoing mail, and the order was given on the 8th, after the departure of the mail, so that the two probably went out together and were received at the same time. At all events the letter was posted in time to have reached the plaintiff one or two days before the date of its letter of acceptance. The presumption is that the letter of withdrawal reached its destination within the time usually required for the transmission of letters from the defendant's to the plaintiff's post office. The presumption that the letter was received in due time is subject to rebuttal by evidence that it was not in fact received. No attempt at rebuttal was made, and, in the absence of rebutting evidence, the presumption became, for the purposes of the case, conclusive. In *Rosenthal v. Walker*, 111 U. S. 185, the court said: " The rule is well settled that if a letter properly directed is proven to have been either put into the post office or delivered to the postman, it is presumed, from the known course of business in the post office departments, that it has reached its destination at the regular time, and was received by the person to whom it was addressed." In this case the presumption of the receipt of the letter is strengthened by the fact that it was never returned to the defendant, either in obedience to the direction of the return card on the envelope, or through the dead letter office. There was ample time for its return between the date of its posting and the date of the agreed statement; and the pre-

sumption also is that it would have been returned if it had not been delivered.

Upon the admitted facts the judgment should have been for the defendant. Having been given otherwise, it must be reversed.

*Reversed.*